UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

          Plaintiff,      Case No. 15-20694

v.                              Judith E. Levy
                               United States District Judge
Quenton Goston,        R. Steven Whalen
                               Magistrate Judge

          Defendant.

_____/

### ORDER DENYING WITHOUT PREJUDICE DEFENDANT QUENTON GOSTON'S MOTION FOR COMPASSIONATE RELEASE [118]

On May 31, 2017, Defendant Quenton Goston pled guilty to Counts Eleven and Twelve of his Second Superseding Indictment, which charged him with carjacking and use of a firearm during a crime of violence in violation of 18 U.S.C. § 2119 and 18 U.S.C. § 924(c). (ECF No. 79.) On September 28, 2017, the Court sentenced Defendant to 84 months and 1 day in prison for these offenses. (ECF No. 98.)

On July 20, 2020, Defendant moved for compassionate release and/or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that the danger posed to him by the COVID-19 pandemic

constitutes an "extraordinary and compelling reason" for release. (ECF No. 118.) For the following reasons, the motion is DENIED.

The compassionate release statute provides that a Court may adjudicate a compassionate release request

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of the request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A)(i). The Sixth Circuit has interpreted this language to prohibit judicial review of a compassionate release motion unless the defendant has either 1) completed the BOP administrative release request process; or 2) waited to file a motion in federal court until 30 days after the BOP warden received the administrative request. *United States v. Alam*, 2020 WL 2845694, at *2-3 (6th Cir. 2020).

It does not appear that Defendant has exhausted his administrative remedies in this case, and the United States' sole argument is that the Court should accordingly dismiss the motion under *Alam*. (ECF No. 119.) However, Defendant's motion raises a troubling allegation about FCI Fort Dix's administrative release process. According to Defendant, the Court should excuse exhaustion in this case because FCI Fort Dix's

2

compassionate release form misleads inmates and makes it functionally impossible to request administrative compassionate release. (ECF No. 118, PageID.582.) Specifically, the FCI Fort Dix compassionate release form directs that inmates must "Choose One Criteria: You can only apply under <u>one</u> criteria." (*Id.* at PageID.595.) The criteria given by the form are: 1) Medical circumstances (defined as a terminal medical condition or a "debilitated medical condition—illness that has you partially (50%) or completely (100%) disabled); 2) Elderly inmates; 3) Death or Incapacitation of the Family member Caregiver of an Inmate's dependent child; or 4) Incapacitation of a Spouse or Partner." (*Id.*)

Nowhere on this FCI Fort Dix form is the "catch all" "extraordinary and compelling reasons" compassionate release category under which most detainees have been released during the COVID-19 pandemic. Accordingly, the Court is concerned that FCI Fort Dix's form could deter qualified people from applying for compassionate release by misleading them into thinking—incorrectly—that they need be terminally ill in order to even request administrative release. Such a misleading administrative process could raise questions as to whether the Court may consider a compassionate release motion from FCI Fort Dix even if a

3

detainee does not fulfil the antecedent statutory requirements as set forth in *Alam*.

However, this is not the appropriate case to explore these questions, because Defendant's medical records do not demonstrate extraordinary and compelling reasons for compassionate release even if the Court were to find that it could waive exhaustion. 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Guidelines define "extraordinary and compelling reasons" as "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 n.1(A).

Defendant argues that he "suffers from asthma." (ECF No. 118, PageID.590.) However, Defendant does not provide any details in support of this claim or describe his condition in any way, and the medical records do not indicate that Defendant suffers from asthma or any other respiratory illness. The Court is therefore unable to rely on Defendant's assertion that his asthma rises to the level of an extraordinary and compelling reason justifying compassionate release.

Though Defendant did not raise this concern in his motion, his medical records do indicate that he was obese as of December 9, 2019, with a body-mass index (BMI) of 30. (ECF No. 124, PageID.611.) The Centers for Disease Control (CDC) has advised that a BMI of 30 or greater ("clinical obesity") "increases [a person's] risk of severe illness from COVID-19." *People with Certain Medical Conditions*, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity (Sep. 11, 2020). However, neither party attached records reflecting Defendant's current BMI, and Defendant's own motion does not raise this issue. With a ten-month-old diagnosis of a borderline obesity condition, and with no evidence that Defendant is currently obese, the Court cannot conclude that compassionate release is appropriate on this record. Defendant is, however, free to renew this motion at a later date with evidence of obesity.

The Court is concerned about the wellbeing of Defendant, as well as that of all detainees, during the pandemic. However, the Court cannot find that Defendant has demonstrated "extraordinary and compelling

5

reasons" for release. 18 U.S.C. § 3582(c)(1)(A). Should Defendant's condition change, he is of course free to renew his motion.

Accordingly, Defendant's motion is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: October 9, 2020      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 9, 2020.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager