UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 15-20694

v.                                 Judith E. Levy
                                       United States District Judge

Quenton Goston (D-4),

                Defendant.

_____/

**ORDER DENYING DEFENDANT QUENTON GOSTON'S MOTION FOR COMPASSIONATE RELEASE [133]**

Before the Court is Defendant's second request for compassionate release from FCI Fort Dix due to the ongoing COVID-19 pandemic. For the following reasons, Defendant's motion is DENIED.

**Background**

On September 28, 2017, the Court sentenced Defendant Quenton Goston to 84 months and 1 day in prison after he pled guilty to one count of carjacking, in violation of 18 U.S.C. § 2119, and one count of use of a firearm during a crime of violence, 18 U.S.C. 924(c)(1)(A)(ii). (ECF No. 98.)

On July 20, 2020, Defendant moved for compassionate release and/or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that the danger posed to him by the COVID-19 pandemic due to his asthma constitutes an "extraordinary and compelling reason" for release. (ECF No. 118.) The Court denied this motion without prejudice because his allegations of asthma did not, at the time, rise to the level of "moderate to severe" as then required by the Centers for Disease Control ("CDC"). (ECF No. 125.)

On December 4, 2020, Defendant renewed his *pro se* compassionate release motion, arguing that his obesity and asthma together present extraordinary and compelling reasons justifying release. (ECF No. 133.) After appointing counsel for Defendant and ordering responsive briefing, the Court held a hearing on Defendant's renewed request on January 28, 2020. During the hearing, the parties informed the Court that FCI Fort Dix had offered Defendant the first dose of the two-dose Pfizer COVID-19 vaccine on approximately January 21, 2021.[1] Defendant acknowledged, on the record, that he was indeed offered a vaccine around

---

[1] To date, FCI Fort Dix has fully inoculated 161 inmates and 183 staff members. *COVID-19 Vaccine Implementation*, Bureau of Prisons (Mar. 9, 2021), https://www.bop.gov/coronavirus/.

this date and that he declined it. Defendant said that he declined the vaccine because he was concerned that he may have already been infected with COVID-19 and because he was unable to obtain sufficient information about the vaccine from FCI Fort Dix.[2] However, Defendant also stated on the record that he would accept the vaccine were it to be offered to him again.

The Court took the motion under advisement and ordered the following supplemental information from the parties: "all documentation of Defendant's vaccine offer and denial, as well as an account and/or record of all information that FCI Fort Dix provided to inmates about the COVID-19 vaccine and its efficacy, risks, and benefits. The [parties] shall also brief the Court on the role Defendant's vaccine denial should play in the Court's evaluation of the compassionate release motion." (ECF No. 146, PageID.868.) The parties responded accordingly.

---

[2] It was later confirmed on February 2, 2021 that Defendant was indeed positive for COVID-19. (ECF No. 150, PageID.906.) However, as far as the Court can tell, there is no medical reason for a COVID-positive individual to decline a COVID-19 vaccine unless that individual is already in isolation or currently experiencing symptoms. *Vaccines & Immunizations*, Centers for Disease Control and Prevention (Mar. 5, 2021), cdc.gov/vaccines/covid-19/info-by-product/clinical-considerations.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fvaccines%2Fcovid-19%2Finfo-by-product%2Fpfizer%2Fclinical-considerations.html.

3

**Analysis**

Compassionate-release motions require a "three-step" inquiry:

First, the Court must "find that extraordinary and compelling reasons warrant a sentence reduction";

Second, the Court must "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and

Finally, the Court must "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."

*United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). "If each of these requirements are met, the district court may reduce the term of imprisonment. 18 U.S.C. § 3582(c)(1)(A)." *Id.*

The Court denies Defendant's motion for compassionate release because his access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release. The Centers for Disease Control and Prevention ("CDC") advise that the Pfizer vaccine is 95% effective at preventing COVID-19 in individuals who have not previously contracted COVID-19, and "[e]fficacy [i]s similarly high in a secondary analysis including participants [with] evidence of previous SARS-CoV-2 infection." *The Advisory Committee on Immunization Practices' Interim Recommendation for Use of Pfizer-BioNTech COVID-*

4

*19 Vaccine—United States, December 2020*, Centers for Disease Control (Jan. 28, 2021) https://www.cdc.gov/mmwr/volumes/69/wr/mm6950e2.htm?s_cid=mm6950e2_w. Though Defendant declined his first offer of the vaccine, he has testified that he will accept the next COVID-19 vaccine that is offered to him.[3]

Defendant argues that, even were he to be "vaccinated tomorrow," extraordinary and compelling reasons justify his release for three reasons: first, because "he would remain at risk of severe illness or death until weeks after the second dose"; second, because "supply chain delays in vaccine production also make it difficult to predict if [he] can even receive the second dose"; and finally, because "vaccine producers have already warned that the vaccines currently available are less effective

---

[3] For this reason, the Court need not consider the role that a vaccine denial should play in evaluating a motion for compassionate release. Nor need the Court address Defendant's several arguments attempting to justify his initial refusal—namely, that the Bureau of Prison ("BOP") vaccine bulletins failed to sufficiently inform inmates due to a BOP lockdown, that Defendant disputes the timing of his prior refusal, that Defendant was legitimately concerned about whether he was COVID-positive, and that many individuals in this country have declined the vaccine "in light of the botched rollout and messaging failure surrounding the safety of the two main COVID-19 vaccines in this country." (ECF No. 150, PageID.911.)

against new highly-transmissible variants." (ECF No. 150, PageID.909-10.)

None of these arguments are helpful to Defendant. As to the concern about efficacy, Defendant is correct that individuals do not benefit from the vaccine's full effects until approximately ten days after the second dose. *Pfizer's Vaccine Offers Strong Protection After First Dose*, Noah Weiland and Carl Zimmer, The New York Times (Feb. 26, 2021), vhttps://www.nytimes.com/2020/12/08/health/covid-vaccine-pfizer.html. However, studies suggest that the Pfizer vaccine is 52% effective approximately ten days after the first dose. *Id*. The CDC additionally advises that individuals, like Defendant, who are recovering from a COVID-19 infection are unlikely to contract COVID-19 again within three months of their initial infection. *COVID-19 Risk*, Centers for Disease Control and Prevention (Mar. 4, 2021), https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html#:~:text=Review%20of%20currently%20available%20evidence,CoV%2D2%20infection. Between Defendant's three-month recovery window and the increasing efficacy of the two-dose vaccine, the Court does not find the small risk of reinfection in the interim to

6

constitute extraordinary and compelling reasons to justify release. Such a finding is also consistent with that of other courts in this district. *See, e.g.*, *United States v. Johnson*, No. 11-20493, 2021 WL 822496, at *3 (E.D. Mich. Mar. 4, 2021) ("Johnson's low risk of reinfection before being vaccinated cannot support a finding of extraordinary and compelling reasons for compassionate release at this time.")

Finally, both of Defendant's remaining arguments are speculative. As to the concern about supply chain delays, Defendant is free to renew this motion if BOP informs him that he cannot receive the second vaccine in a sufficiently timely manner. As to the concern about vaccine effectiveness against new strains of COVID-19, the CDC's current recommendation is that "antibodies generated through vaccination with currently authorized vaccines recognize these variants." *About Variants*, Centers for Disease Control and Prevention (Feb. 12, 2021), vhttps://www.cdc.gov/coronavirus/2019-ncov/transmission/variant.html. Indeed, Defendant's own citation on this point is an article acknowledging that, for the Moderna vaccine, "despite the reduction in neutralizing antibodies against B.1.351, the antibody levels generated by its vaccine remain above levels that are expected to be protective."

7

*Moderna's vaccine is less potent against one coronavirus variant but still protective, company says*, Andrew Joseph (Jan. 25, 2021), https://www.statnews.com/2021/01/25/moderna-vaccine-less-effective-variant/. Defendant is free to renew his motion should more information emerge suggesting that the Pfizer vaccine cannot protect him from new imminent strains of COVID-19. However, at this time, the Court is unwilling to find extraordinary and compelling circumstances based on that speculation.

Because there are no extraordinary and compelling reasons for release, the Court need not consider Defendant's § 3553 sentencing factors. *See Elias*, 984 F.3d at 518.

Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated: March 9, 2021　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 9, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
